**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| DONALD W. THORNTON, | : BANKRUPTCY NO. 17-16397-MDC |
| | : |
| Debtor. | : Hearing Date: April 26, 2022 |
| | : Hearing Time: 10:00 |
| | : Hearing Place: Courtroom 1 |

**LIMITED OBJECTION OF MONTGOMERY COUNTY TAX CLAIM BUREAU TO MOTION TO AMEND CONFIRMED CHAPTER 13 PLAN PURSUANT TO 11 U.S.C. § 1329(d)(1) AND FOR CONFIRMATION OF AMENDED PLAN**

Montgomery County Tax Claim Bureau ("MCTCB"), by and through undersigned counsel, hereby files the following limited objections (the "Objections") to the motion of Donald W. Thornton (the "Debtor") to amend confirmed Chapter 13 Plan pursuant to 11 U.S.C. § 1329(d)(1) and for confirmation of amended Plan (the "Motion"). In support of its Objections, and in opposition to the reopening of the Debtor's bankruptcy case, MCTCB states as follows:

**BACKGROUND**

1. On October 1, 2007, after his two prior bankruptcies had been dismissed for failure to make plan payments (04-13914-DWS and 05-18822-DWS), and in order to avoid the filing of a Motion to Dismiss his third bankruptcy case in a three year period (07-14129-MDC, the "Third Bankruptcy Case") with prejudice, the Debtor consented to an order being entered stating that if the Third Bankruptcy Case was "dismissed for any reason, it shall be with prejudice; debtor(s) shall be prohibited from filing, individually or jointly, any subsequent bankruptcy case without prior approval of the Court."

2. The October 1, 2007 Order went on to state that the:

> Consent Order shall be effective without any further reference to its terms in any subsequent dismissal of this case, regardless of the circumstances of the dismissal, the identity of the party moving for the dismissal, or the

        express terms of the order dismissing the case.  The dismissal of the case, in and of itself shall be sufficient to effectuate this Consent order and the barring of the debtor(s) from further filings in accordance with its terms.

See Exhibit "A."

        3.        The Debtor voluntarily dismissed the Third Bankruptcy Case on April 4, 2008 thus effectuating the bar to re-filing a new bankruptcy without prior court approval.

        4.        On or about September 11, 2017, the Debtor filed an expedited Motion for Leave to File a New Chapter 13 Bankruptcy Case and on September 14, 2017, the Bankruptcy Court entered an Order granting the Debtor's Motion over the objection of MCTCB.

        5.        MCTCB has a first priority lien on the Debtor's property located at 613 Northhampton Road, East Norriton, Pennsylvania (the "Property") for unpaid property taxes pursuant to 53 P.S. § 7102 and MCTCB is further entitled to collect statutory postpetiton interest at nine percent (9%) per annum pursuant to 72 P.S. § 5860.306 and 11 U.S.C. § 506(b).

        6.        On or about September 19, 2017 (the "Petition Date"), the Debtor filed his current bankruptcy case under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

        7.        On or about October 3, 2017, MCTCB timely filed a secured proof of claim in the Debtor's current bankruptcy case in the amount of $21,606.71 plus interest at a statutory rate of nine percent (9%) per annum for tax years 2013, 2014, 2015 and 2016 (the "Claim").  See 11 U.S.C. § 506(a), 53 P.S. § 7102 and 72 P.S. § 5860.306.  A copy of MCTCB's proof of claim is attached hereto as Exhibit "A" and incorporated herein.

        8.        On May 1, 2018, the Bankruptcy Court entered an Order confirming the Debtor's Fourth Amended Plan (as amended, the "Plan") pursuant to which, the Debtor is obligated to pay $492.00 per month for four (4) months commencing October 2017 and thereafter, $698.00 per

month commencing February 2018 for the next 56 months for a total of $41,056.00. A copy of the Plan is attached hereto as Exhibit "B" and incorporated herein.

9. Since the Petition Date, the Debtor has accumulated in excess of $32,000.00 in additional unpaid post petition property taxes for tax years 2017, 2018, 2019, 2020 and 2021. A Tax Certification dated March 20, 2022 is attached hereto as Exhibit "C" and incorporated herein.

10. For the foregoing reasons, MCTCB files this limited objection to the Motion.

## LIMITED OBJECTION

11. The Debtor seeks to modify his Chapter 13 Bankruptcy Plan pursuant to 11 U.S.C. §1329, which states in relevant part:

> (d)(1) Subject to paragraph (3), for a plan confirmed prior to the date of the COVID–19 Bankruptcy Relief Extension Act of 2021, the plan may be modified upon the request of the debtor if—
>
> (A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic . . .

11 U.S.C. § 1329(d)(1).

12. MCTCB does not take a position on the Debtor's allegations that the Debtor has experienced a material financial hardship either directly or indirectly by the COVID-19 pandemic.

13. However, as set forth above and as reflected in the Plan, the MCTCB is entitled to post-petition statutory interest on the Claim until it is paid in full. In the Plan, the Debtor calculated the post petition interest pursuant to a 5 year payout to be $5,285.29.

14. In order for the amendment to the Plan to be approved as requested in the Motion, the Debtor still must comply with section 1325(a)(5)(B)(ii) of the Bankruptcy Code, and the Plan

must propose to "pay the present value, as of the effective date of the plan, of the full allowed secured claim." In re Gonzalez, 553 B.R. 511, 517 (Bankr. E.D. Pa. 2016) (citing 8 Collier on Bankruptcy ¶1325.06[3] (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2016)).

15. In addition, "[t]he 'present value' requirement mandates, in the absent of consent, that the plan provide for post-confirmation interest on a creditor's allowed secured claim." Id. (citing In re Soppick, 516 B.R. 733, 752-53 (Bankr. E.D. Pa. 2014)).

16. Here, the Debtor is proposing to add additional months onto the Plan, but is not proposing to pay the interest associated with those additional months in accordance with section 1325(a)(5)(B)(ii) of the Bankruptcy Code.

17. It is respectfully submitted that the Debtor has approximately $11,986.29 left to pay MCTCB on the Claim for the 2015 and 2016 tax years (See Exhibit "C") over the life of the Plan. The additional interest would amount to approximately $124.86 per month added to the Plan.

18. Furthermore, the amended Plan as proposed does not comply with section 1325(a)(6) of the Bankruptcy Code in that the Debtor's schedules reflects post petition payments for property taxes totaling $550.00 per month; however, the Debtor has accumulated more than $32,000.00 in unpaid post petition property taxes since the Petition Date. A true and correct copy of the Debtor's Schedules I and J are attached hereto as Exhibit "D" and incorporated herein.

19. Nearly five (5) years into his Plan, the Debtor is now more delinquent on his property taxes than he was on the Petition Date by over $10,000.00.

20. MCTCB is justifiably concerned that if the Debtor did set aside his property taxes on a monthly basis as he reports on his Schedule J, he would not be able to make his Plan

payments.

21. Again, MCTCB takes no position on the Debtor's claim that he has experienced a material financial hardship either directly or indirectly by the COVID-19 pandemic; however, for any additional month the Debtor attempts to add to the Plan, he must add a commensurate amount of interest on the balance of the Claim.

22. Furthermore, the Debtor's plan appears to be an exercise in futility considering that in all likelihood he will exit his bankruptcy with more tax debt than when he was granted authority by the Court to file this bankruptcy case.

WHEREFORE, for the foregoing reasons, MCTCB respectfully requests that this Court enter the attached Order denying the Motion and grant such other and further relief as this Court deems necessary and just.

Respectfully submitted,

Dated: April 6, 2022       By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West, Suite 3400
1500 Market Street
Philadelphia, PA 19102
215-665-3066 – Telephone
215-665-3165 – Facsimile

*Counsel to Montgomery County Tax Claim Bureau*